FULLER CONST. CO. *et al.* v. ALLEN DREDGING CO.

(Division B.  March 14, 1932.)

[140 So. 231.  No. 29881.]

Rushing & Guice, of Biloxi, for appellant.

798

Ford, White & Morse, of Pascagoula, for appellee.

Ethridge, P. J., delivered the opinion of the court.

Allen Dredging Company, a partnership composed of Arthur Allen and W. J. Lindinger, appellee here, filed a bill in chancery against William W. Moore, Fuller Construction Company, Joseph Rogers, and Vic Matson,

alleging that the Fuller Construction Company had obtained a contract to construct a bridge across Biloxi Bay, and subcontracted a portion of the work to William W. Moore, a resident citizen of Dallas, Texas, at and for the sum of one hundred ten thousand dollars; and that said William W. Moore executed a surety bond to the Fuller Construction Company for the faithful performance of the work; and that, after the contract was awarded to Moore and the bond given, Moore executed to the Allen Dredging Company two notes and assigned to them so much of the money that might thereafter be due him by the Fuller Construction Company, for the payment of said notes; that said notes provided for attorneys' fees if placed in the hands of attorneys for collection, and that they had been so placed, and that one of the notes had been paid, but the other had not been paid, and that there is due upon this unpaid note the total sum of one thousand nine hundred sixty-seven dollars and ninety-six cents. The bill prayed for judgment against the Fuller Construction Company and to subject the funds in its hands covered by said assignment, and property and funds in the hands of the other defendants to the payment of said note.

The assignment referred to supra, after setting out the letting of the contract by the Fuller Construction Company to W. W. Moore, and the promissory notes, provides as follows: "Now, therefore, to secure the prompt payment of said notes, and for other considerations as herein mentioned, the said W. W. Moore does hereby unconditionally set over and assign unto the said Allen Dredging Company, above named its legal representatives, transferees or assigns, a sufficient sum of money out of any funds or monies that may be due or become due W. W. Moore by the Fuller Construction Company, it being the purpose of this assignment that out of the funds which may be due and owing to the said W. W. Moore, on the due date of the notes above

mentioned, there shall be retained by the Fuller Construction Company sufficient money with which to pay such notes on its due date; but it is not the purpose of this assignment that the whole of the above amount as represented by said note shall be paid or held by the Fuller Construction Company at any one time, but said notes shall be taken care of and paid out of the proceeds of funds herein assigned as each note becomes due and payable, it being the further intentions of the parties that only sufficient funds shall be held and retained by the Fuller Construction Company under this assignment, to pay each note as it become due.''

The Fuller Construction Company answered the bill, denying that they owed W. W. Moore, but admitting that it had paid on the contract subsequent to the assignment and the acceptance thereof by the Fuller Construction Company amounts on numerous different dates beginning on August 31, 1929, and extending to July 18, 1930, amounting in all to one hundred ten thousand nine hundred fifty-seven dollars and twelve cents.

It was also claimed in the answer that these funds were advanced for labor and material to prevent a default of the contract by Moore and to save damages resulting from delay.

Counsel for the appellant states his contention in the following language: ''There is one issue and one issue alone raised by the appellant in this cause, that is, that the record as heard by the chancellor does not contain sufficient admissions and contains no facts upon which the chancellor could base his decree, and being wholly without foundation on the facts or admissions of the defendant in the court below, that the same was contrary to the law and evidence herein, and that there was error in the court's giving a judgment in favor of the appellee as against the appellant. So as to remove from the court's mind any thought that we are attempting to argue as against certain cases heretofore decided by the

court, particularly Davis Co., Inc., v. D'lo Guaranty Bank, 133 So. 219, we make no contention of any invalidity in the assignment made by Moore in favor of the appellee, nor do we make any contention that this assignment, provided it had been an assignment in full of all amounts coming into the hands of the appellant belonging to Moore, would not have bound, in the hands of the appellant, such sums, but our contention is that the assignment limited the money assigned, and that the facts supporting the appellee's claim that any funds belonging to the assignor, Moore, were ever in possession of the appellant, Fuller Construction Company, was not proven.''

It is our opinion that the appellant having accepted the assignment of the contract, and Moore having given bond with a surety company for the faithful performance of the contract, the appellant should have retained out of the contract price due Moore sufficient money to have paid the note sued on. It could have resorted to the surety bond for indemnity from losses, or called upon the surety to finance Moore so as to enable him to carry out his contract.

The appellee performed the service under its contract for Moore, and was entitled to recover from the Fuller Construction Company the amount due on the notes. It was not necessary for the contract to name any specific amount or any amount to be due at the time the contract was executed.

It was permissible to provide for payment of a specific amount evidenced by note out of moneys that would become due to Moore by the Fuller Construction Company.

The court below having reached that conclusion and rendered judgment in accordance with these views, the judgment is affirmed.

Affirmed.